# In the
# CIRCUIT COURT
## of St. Louis County, Missouri

Plaintiff(s): J. Rebollo

vs.

Defendant(s): NCB Management

Date: 6/14/12   2012 JUN 14 PM 1:54

Case Number: 12SL-AC16929

Division: 32

## CIVIL ORDER/MEMO

[✓] Comes now, Plaintiff, and enters his/her appearance on behalf of Plaintiff/Defendant.

[✓] Cause continued to July 30th at 9 a.m./p.m.

for [ ] Plaintiff  [ ] Defendant  [ ] Consent  [ ] Service or Dismissal

for [ ] Trial  [ ] Length of Trial ___ hours/days  [ ] Call Docket

**Party setting cause for trial responsible for notifying opposing party(ies).**

[ ] Defendant appears in person and voluntarily enters his/her appearance.
[ ] Plaintiff/Defendant requests a Change of Judge.
[ ] Plaintiff/Defendant requests a Change of Venue.
[ ] Plaintiff/Defendant requests a Jury Trial.
[ ] Plaintiff and Defendant waive Jury Trial.
[ ] Other: ___

## JUDGMENT

[ ] Cause dismissed with/without prejudice at Plaintiff's costs.
[ ] Cause called. Parties fail to appear. Cause dismissed with/without prejudice for failure to prosecute.

**SO ORDERED**

Attorney: J N Taylor, SR  Bar No. 57112 / 63108
Address: 314 932 1066  314 667 3161
Phone No.  Fax No.

Judge/Division: ___

EXHIBIT A

Date: ___

Attorney ___ Bar No. ___
Address ___
Phone No. ___ Fax No. ___

CCAC36a Rev. 12/02   WHITE – File   YELLOW – Plaintiff's Attorney   PINK – Defendant's Attorney   GOLDENROD – Other



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARY BRUNTRAGER SCHROEDER | Case Number: 12SL-AC16929 |
| Plaintiff/Petitioner:<br>JENNIFER REBOLLO<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>JAMES WINDSOR EASON<br>EASON & VOYTAS, LLC<br>ONE NORTH TAYLOR AVE.<br>ST. LOUIS, MO 63108<br>(314) 932-1066 |
| Defendant/Respondent:<br>NCB MANAGEMENT SERVICES INC | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>25-JUN-2012 09:00 AM<br>DIVISION 32M<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

**The State of Missouri to:** NCB MANAGEMENT SERVICES INC
  Alias:
1 ALLIED DR
TREVOSE, PA 19053

**COURT SEAL OF**

You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition. If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____05-25-12_____          _____
          Date                                Clerk

**ST. LOUIS COUNTY**

Further Information:
AMH

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server       Signature of Sheriff or Server

**Subscribed and Sworn to** before me this _____ (date).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

Plaintiff/Petitioner: Jennifer Rebollo

Date: 5/16/12

vs.

Defendant/Respondent: NCB Management Services INC.

Case Number: _____

Division: _____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now **Plaintiff**, Requesting Party, pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Name of Process Server: Legal Errands Inc. Alfred McGinnis
Address: PO Box 24806 Philadelphia PA 19130
Telephone: 215-751-1124

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE: Brett Silver or Rick Silver
Name: _____
Address: One Allied Dr
City/State/Zip: Trevose, PA 19053
OR RA.

SERVE: _____

Appointed as requested:
**JOAN M. GILMER, Circuit Clerk**

By _Anna_ Deputy Clerk
Date: 5-16-12

Attorney/Plaintiff/Petitioner signature
Bar No. 57112
Address: _N. Taylor STL MO 63108_
Phone No. 314 932 1066   Fax No. 314 667 3101

CCADM62   Rev. 03/06   WHITE – File   YELLOW-Special Process Server   PINK - Attorney/Petitioner

IN THE CIRCUIT COURT
ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

2012 MAY 16 PM 2:37

JOA[N M.] LIER
CIRCUIT CLERK

JENNIFER REBOLLO )
)
Plaintiff, )
)
v. ) Case No. 12SLAC16929
)
NCB MANAGEMENT SERVICES, INC. )
) Division 32M
Defendant. )
)
Serve Defendant at: )
Brett Silver, Rick Silver or Registered Agent )
One Allied Drive )
Trevose, PA 19053 )

## PETITION

COMES NOW, Plaintiff, Jennifer Rebollo, and for her Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d).

4. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

### PARTIES

5. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

1

6. Specifically, the alleged debt arises out of Plaintiff's use of a consumer credit card issued by Bank of America. Plaintiff made charges on this card for consumer and household purposes only.

7. Defendant is a foreign corporation with its principal place of business in Trevose, PA. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is "debt collectors" as defined by the FDCPA.

## FACTS

9. Defendant began collection activity with Plaintiff in May, 2012. The collection activity consisted of telephone calls to Plaintiff's cellular phone ending in 3436 and a dunning letter bearing the date of May 3, 2012 which Plaintiff received on or about May 9, 2012. Defendant also called third parties about the debt as described below.

10. Plaintiff never provided permission or otherwise authorized Defendant to call her cellular phone by any means, and specifically never authorized Defendant to contact her with an autodialer.

11. Each of Defendant's calls placed to Plaintiff were placed using an automatic telephone dialing system with the capacity to store, generate, and dial telephone numbers.

12. Despite the fact that Defendant knew Plaintiff's address and telephone number, Defendant called third parties with no connection to the debt in order to put additional pressure on Plaintiff to pay the debt.

13. Defendant had no legitimate reason for contacting third parties about the debt. Defendant knew those third parties would question Plaintiff about the debt and deliver Defendant's phone number to Plaintiff, creating the appearance that Defendant would stop at nothing to collect the debt.

2

14. Defendant knew that its tactic of contacting third parties about the debt would create great embarrassment and distress for Plaintiff; Plaintiff did in fact experience such distress due to Defendant's tactics.

15. At minimum, Defendant has been calling Plaintiff's sister. To the best of Plaintiff's understanding, Defendant has been leaving messages about the debt with Plaintiff's sister and asking Plaintiff's sister to get Plaintiff to call Defendant about the debt.

16. Plaintiff called Defendant about the debt on May 15, 2012.

17. This call occurred within the statutory dispute / verification period as per 15 U.S.C. 1692g.

18. During the call, Plaintiff informed Defendant that she wanted Defendant to validate the debt, that she would be requesting verification of the debt, and that she wanted to dispute the amount of the debt because it was higher than any balance she ever carried with Bank of America.

19. In response, Defendant told Plaintiff that her only option for validation and/or verification was to contact Bank of America directly at 866-513-3931. Defendant told Plaintiff that Defendant had no responsibility to provide verification or handle any related dispute.

20. Defendant proceeded to tell Plaintiff that her debt was more than 120 days old and demanded that Plaintiff pay the debt "very soon."

21. Defendant lied about Plaintiff's right to request validation and/or verification and to dispute the debt in order to bait Plaintiff into making an immediate payment.

22. Defendant's conduct caused Plaintiff to believe that she had no right to get verification of the large balance Defendant was attempting to collect. Defendant's conduct caused Plaintiff to believe that she had no right to dispute the large balance Defendant was attempting to collect.

23. To the best of Plaintiff's understanding, the amount Defendant is seeking to collect is not valid and is not warranted by Plaintiff's agreement with her original creditor.

24. Plaintiff has experienced, sleeplessness, mental anguish, embarrassment and worry as a result of Defendant's actions.

## COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

26. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

   a. Attempting to collect an amount not authorized by the agreement creating the debt or permitted by law. 15 USC 1692f(1).

   b. Using unfair or unconscionable means to collect or attempt to collect the alleged debt. 15 USC 1692f.

   c. Engaging in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. 15 USC § 1692d.

   d. Overshadowing Plaintiff's dispute, validation, and verification rights. 15 USC § 1692g.

   e. Refusing to honor Plaintiff's timely validation request. 15 USC § 1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Judgment that Defendant's conduct violated the FDCPA;

   B. Actual damages;

   C. Release of the alleged debt;

   D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

   E. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

27. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

28. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a. By placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff, causing Plaintiff to be charged for incoming calls. 47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Statutory damages pursuant to 47 USC (b)(3); and

D. For such other relief as the Court may deem just and proper.

EASON & VOYTAS, LLC

JAMES W. EASON, #57112
RICHARD A. VOYTAS, #52046
EASON & VOYTAS, LLC
One North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:   (314) 667-3161
Email: james.w.eason@gmail.com
       rickvoytas@gmail.com

5